**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **COLUMBUS, GEORGIA,** | : | |
| **Plaintiff,** | : : : | |
| v. | : : | Civil Action No. 4:06-cv-80 (HL) |
| **HOTELS.COM, INC., HOTELS.COM, L.P., and HOTELS.COM GP, LLC,** | : : : | |
| **Defendants.** | : : | |

## ORDER

Defendants removed this matter from the Superior Court of Muscogee County on July 12, 2006, alleging diversity as the basis for federal jurisdiction. Plaintiff filed a Motion to Remand (Doc. 11) on August 11, 2006, arguing the Court lacks subject matter jurisdiction over this action. For the reasons expressed herein, Plaintiff's Motion is granted.

**I. SUBJECT MATTER JURISDICTION AND REMAND**

Federal courts have limited jurisdiction and possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down as of September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of

a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the Court to retain jurisdiction. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Because it is apparent from the Notice of Removal that this case is between citizens of different states and that complete diversity is present here, the Court will not discuss the issue of citizenship further. Thus, the issue becomes the amount in controversy, on which the parties do not agree.

When an action is originally filed in federal court, it is generally a plaintiff's burden to allege, with particularity, the facts necessary to establish jurisdiction, Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000); however, when a defendant seeks to remove an ongoing case from state court to federal court, the defendant bears the burden of proving that federal jurisdiction exists, Williams v. Best Buy Co., Inc., 269 F.3d 1316,1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). As this case was originally filed in state court, the burden of proving jurisdiction lies with Defendants.

## II. DEFENDANTS' BURDEN

Where a plaintiff makes an "unspecified demand for damages" in a state court complaint, a defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]."

---

Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In contrast, where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below[$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

Defendants argue that the preponderance of the evidence standard is applicable because (1) Plaintiff "has not and cannot determine the value of its claims"(Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand 3); (2) Plaintiff is not "willing to relinquish its entitlement to a judgment in excess of $75,000" (Id. at 4.); and (3) the total amount in controversy is unspecified as Plaintiff's figure covers "only one of fourteen items of relief sought." (Id. at 5.)

First, contrary to Defendants' assertion, Plaintiff's failure to specify an exact amount supported by evidence in the Complaint does not preclude the use of the legal certainty standard. In Burns, the United States Court of Appeals for the Eleventh Circuit held that the legal certainty standard was applicable where the complaint requested "such sum as the jury determines to be just, lawful and fair, but not more than $45,000.00." 31 F.3d at 1094, 1097. In this case, Plaintiff requested "judgment in its favor and against Defendants, the total for all Defendants on all counts, including statutory penalties and interest, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars."(Compl. 29.) The language utilized in Burns is no more certain or specific than

the language utilized by Plaintiff in this case. Furthermore, Plaintiff is under no obligation to submit evidence proving the validity of the relief requested. Defendants are attempting to invoke federal jurisdiction, therefore Defendants are responsible for proving federal jurisdiction.

Second, Plaintiff is not required to limit the amount of damages it will eventually seek in order to have the case remanded to state court. This issue was specifically addressed by the Eleventh Circuit in Burns. In Burns, a district court denied a plaintiff's motion to remand because she refused to agree to never seek more than $49,999.[2] 31 F.3d at 1094. On appeal, the Eleventh Circuit vacated the order and held that a plaintiff seeking remand was not required to agree to recover no more than the jurisdictional amount. Id. at 1095, 1096. Instead, the court placed the burden on the defendant attempting to remain in federal court and required a showing that an award below the jurisdictional amount would be outside the range of permissible awards should plaintiff ultimately prevail. Id. at 1096. Therefore, according to Burns, Plaintiff's reluctance to limit the amount of damages it will eventually seek is irrelevant.

Third, Defendant asserts Plaintiff's alleged damage figure includes only one of the fourteen types of relief sought.[3] According to Defendants, because the total amount in

---

[2] At the time, the amount in controversy required to obtain diversity jurisdiction was any sum over fifty thousand dollars.

[3] Although Plaintiff only asserts six counts, in the prayer section of the Complaint, Plaintiff does request fourteen separate remedies including various declaratory and

4

controversy is unspecified, the proper standard is preponderance of the evidence. The Court does not agree. Plaintiff's Complaint asserts six specific counts: (1) Declaratory Judgment, (2) Preliminary and Permanent Injunction, (3) Violations of Occupancy Tax Law and Ordinances, (4) Unjust Enrichment, (5) Constructive Trust, and (6) Equitable Accounting. (Compl. 17, 20, 22, 24, 25, 26.) As noted above, Plaintiff then requests "judgment in its favor and against Defendants, the total for all Defendants on all counts, including statutory penalties and interests, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (Compl. 29.) Therefore, according to the Complaint, the $74,500 figure specifically includes all damages flowing from all six counts. Despite Defendants' assertion to the contrary, Plaintiff specified the total amount in controversy and the legal certainty standard applies. As a result, Defendants must make an affirmative showing that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." Burns, 31 F.3d at 1096.

**III. AMOUNT IN CONTROVERSY**

Having determined the proper burden, the Court now turns to the specific evidence provided in this case. Defendants address the following items of relief sought by Plaintiff in an effort to prove the amount in controversy exceeds the jurisdictional threshold: (1)

---

injunctive relief as well as a catchall provision requesting any other relief as the Court sees fit.

the value of all past taxes allegedly due to Plaintiff, (2) the value of all future taxes allegedly due to Plaintiff, (3) statutory interest, (4) statutory penalties, and (5) attorney fees.

A. The Value of All Past Taxes Allegedly Due to Plaintiff

According to Defendants, Plaintiff would be entitled to no less than $52,201 in compensatory damages should it ultimately prevail in this case. To support this figure, Defendants submit a Supplemental Declaration of William J. McBeth, an Accounting Manager for Hotels.com. Mr. McBeth states he is familiar with the information maintained by Defendants related to bookings for hotel reservations and that his statements are either based on his personal knowledge or based on his review of relevant data. Mr. McBeth concludes that the potential exposure for the claims asserted by Plainitff based on data from 2002 through June of 2006 is $52,201. Attached to his Declaration, Mr. McBeth provided a spreadsheet, which Defendants explain as follows:

> "The spreadsheet reflects that net revenue from 2002 through June 2006 amounts to $249,171. (Id.) Of that amount, approximately 15% or $37,376 is service fee revenue collected by Hotels.com LP as part of the combined charge for tax recovery charges and service fees. (Id.) The remainder ($211,795) represents additional amounts added to the hotel net rate as compensation for Hotels.com LP. The Complaint specifically requests that the Court impose a constructive trust on the 7% tax that allegedly should have been collected on this amount (Compl. ¶ 56, D.E.1), resulting in an additional potential exposure of $14,826. (McBeth Suppl. Decl. at Exh. 1.) Adding this amount to the $37,376 in service fees, yields total estimated liability of $52,201 before interest or penalties. (Id. at ¶ 3 and Exh.1.)"

(Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand 9, 10.) Therefore, Mr. McBeth's figure

6

is comprised of two separate numbers. After calculating the total revenue received from bookings at Columbus hotels from 2002 through June of 2006, Mr. McBeth estimated that approximately 15% of that figure, or $14,826, was attributable to taxes and service fees charged by Defendants. Mr. McBeth then imposed the City of Columbus's 7% hotel/motel tax on the remaining 85% of the total revenue figure to come up with an estimated occupancy tax exposure of $37,376. Finally, Mr. McBeth combined the taxes and service fees figure with the estimated occupancy tax exposure figure to arrive at a total exposure of $52,201.

Initially, it appears that Defendants and Mr. McBeth fundamentally misunderstand the relief requested by Plaintiff in this lawsuit. In the Complaint, Plaintiff alleges Defendants pay the City of Columbus's hotel/motel tax based on the wholesale price of the room. Plaintiff alleges it is entitled to hotel/motel tax based on the full rental rate charged. Therefore, according to the Complaint, the amount in controversy in this case is simply the amount of tax owed on the difference between wholesale rate and the full rental rate. Plaintiff does not allege it is entitled to any service fee revenue received from bookings at Columbus hotels. Accordingly, the portion of Defendants' damage estimate attributable to the amount of service fees received from Columbus hotel bookings is irrelevant.

In addition, it appears that Defendants' estimated occupancy tax liability figure includes estimated tax on bookings at Columbus hotels outside of the statute of limitation

7

applicable to this case. Section 19-120 of the Columbus Code of Ordinances provides as follows:

> (a) Action for tax; time for. At any time within three (3) years after any tax or any amount of tax required to be collected becomes due and payable and at any time within three (3) years after the delinquency of any tax or any amount of tax required to be collected, the director may bring an action in a court of competent jurisdiction in the name of Columbus to collect the amount delinquent together with interest, court fees, filing fees, attorney's fees and other legal fees incident thereto.

Accordingly, the relevant statute of limitation is three years. As Plaintiff originally instituted this action on May 30, 2006, only the estimated tax on those bookings at Columbus hotels between May 30, 2003 and May 30, 2006 are relevant in determining the amount of controversy in this case.

Furthermore, even assuming Defendants' calculations were based on the amount in controversy at issue in this case, Defendants' conclusory allegations cannot establish, to a legal certainty, that an award below the jurisdictional amount is outside the range of possible awards should Plaintiff prevail. "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendants' burden." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams, 269 F.3d at 1319-20.). As neither Defendants nor Mr. McBeth provide the Court with the underlying facts necessary to support their damage estimate, Defendants have failed to establish to a legal certainty that the value of all past taxes allegedly due to Plaintiff.

B. The Value of All Future Taxes Allegedly Due to Plaintiff

Although Defendants do not specify a numerical value, they contend that "the monetary value to Columbus of its claimed injunctive relief is the full amount of future hotel/motel taxes resulting from bookings through Hotels.com LP." (Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand 11.) Defendants do not currently remit taxes directly to the City of Columbus, instead they forward an amount of money equal to the amount of tax due on the wholesale rate of the room to the hotel, which in turn remits tax to the City of Columbus. Therefore, Defendants argue that as Plaintiff seeks permanent injunction requiring Defendants to remit taxes to Columbus based on the full rental rate received, and Defendants currently remit no taxes directly to Columbus, the monetary value of the requested injunction is the full value of all future taxes. In the alternative, Defendants argue "[e]ven if the Court were to look solely at hotel/motel taxes allegedly owed on the Defendants' margins, this amount would have significant value." Id. Citing to the spreadsheet provided by Mr. McBeth, Defendants estimate that Plaintiff would receive an additional $14,826 in hotel/motel taxes over the next five years should Plaintiff ultimately be entitled to the injunctive relief sought.

In determining the amount of controversy for diversity jurisdiction purposes, "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." Leonard, 279 F. 3d at 973. According to the Complaint, Plaintiff

9

seeks an injunction "requiring Defendants to remit hotel/motel taxes to the Director [of Columbus] as the tax applies to the full value received by Defendants for the rental rate paid by its customers." (Compl. 30.) Therefore, as Plaintiff already receives taxes, based on the wholesale rate, from Defendants' bookings at Columbus hotels, the value of the injunction from Plaintiff's perspective is the difference between the amount of tax due based on the wholesale rate and the amount of tax due based on the retail rate.

Defendants' assertion that the value of the requested injunctive relief is the full amount of future hotel/motel taxes from Defendants' bookings at Columbus hotels because Defendants currently remit no taxes directly to Plaintiff, is disingenuous. Although Defendants do not directly remit taxes, Defendants do forward tax to Columbus hotels, which remit the tax to Plaintiff. Whether Defendants directly remit taxes or funnel taxes through Columbus hotels is irrelevant as Plaintiff clearly does receive hotel/motel tax revenue from Defendants' bookings. Therefore, the value of the requested injunction is not the full value of all future taxes.

Moreover, Defendants' contention that Plaintiff would receive $14,826 in additional hotel/motel taxes over the next five years is again nothing more than a conclusory allegation. Although Defendants direct the Court to the above-referenced spreadsheet for support, the spreadsheet includes no projected estimates of future tax. Furthermore, as discussed above, Defendants have failed to identify what data was used to calculate the estimated tax liability listed on the spreadsheet, and the estimated tax

10

liability figures include estimated tax on bookings at Columbus hotels outside of the statute of limitation applicable to this case.

C. Statutory Interest

Defendants also assert Plaintiff claims approximately $5,822 in statutory interest. According to Defendants, "Section 19-117(b) of the Columbus Code provides that 3/4 of 1% in interest shall be imposed on hotel/motel tax amounts found due."(Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand 10.) Although Plaintiff did claim the aforementioned statutory interest, the interest calculation proffered by Defendants does not help establish the amount in controversy. Section 1332 of Title 28 of the United States Code provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." Accordingly, the Court cannot consider interest when determining the amount in controversy.

D. Statutory Penalties

Defendants further argue Plaintiff would be entitled to statutory penalties pursuant to O.C.G.A. § 48-13-58(a) if the allegations in the Complaint are proven. According to Defendants, the statute authorizes a penalty of fifty percent of the taxes owed or $26,100. While Plaintiff may be entitled to statutory penalties under the statute cited if it ultimately prevails, Defendants have failed to offer evidence sufficient to establish the amount claimed. As explained above, Defendants offer nothing more than conclusory allegations

11

regarding the amount of taxes allegedly unlawfully withheld.

E. Attorney Fees

Defendant contends that attorney fees in this case could range between $36,952 and $193,948. In support of these figures, Defendants submit the Declaration of Jerry A. Buchanan. Mr. Buchanan states that he is an attorney in the Columbus area and is familiar with the prevailing rates charged by attorneys in the area. After discussing the number of attorney hours that would be involved should the case proceed to various stages, Mr. Buchanan estimates that the likely range of attorney fees in this case is between $36,952 and $193, 948.

While Mr. Buchanan's opinion is sufficiently supported by comparable data, his attorney fee estimate does not aid Defendants in their attempt to prove to a legal certainty that the amount in controversy in this case is in excess of $75,000. Because Defendants have failed to provide the Court with sufficient proof of any other item of recovery sought by Plaintiff in this case, Defendants must show that any reasonable fee would alone establish the required amount in controversy. Mr. Buchanan estimates that attorney fees in this case could be as low as $36,952. As Mr. Buchanan's conservative estimate is not enough to satisfy the requisite amount in controversy, Defendants have failed to meet their burden.

### IV. CONCLUSION

As explained herein, Defendants have failed to make a satisfactory showing that

should Plaintiff prevail on liability, an award below the jurisdictional amount would be outside the range of permissible awards. The Court cannot accept Defendants' estimate of the value of all past taxes allegedly due as it does not accurately represent the amount in controversy in this case and is not factually supported. Likewise, the Court cannot consider Defendants' estimate of the value of all future taxes allegedly due or statutory penalties as both figures are based entirely on Defendants' unsupported estimate of past taxes. Although Defendants did provide the Court with a sufficiently supported attorney fee estimate, that estimate alone is not enough to satisfy the required amount in controversy. Therefore, Plaintiff's Motion to Remand (Doc. 11) is granted and this case is remanded to the Superior Court of Muscogee County, Georgia for lack of subject matter jurisdiction.

**SO ORDERED**, this the 24th day of May, 2007.

<u>**/s/ Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs